ROBERTSON, Presiding Judge.
This is an appeal from a final judgment of eviction.
The dispositive issue before this court is whether sufficient notice of termination of tenancy was given whereby the trial court had jurisdiction to try the eviction proceeding.
The Greater Gadsden Housing Authority (GGHA) rents units based on the amount of the tenants’ income. Lorene Simpson is a tenant at GGHA. On February 26, 1991, there was a fire in Ms. Simpson’s apartment.
GGHA presented evidence that the fire caused serious damage to the premises, that Ms. Simpson caused the fire by falling asleep in bed while smoking, and that Ms. Simpson was a threat to the safety of other tenants at GGHA.
The lease provides:
“10. TERMINATION OF LEASE:
(A) Landlord shall terminate ... this lease for serious ... violation of terms of this lease such as ... serious ... damage to the premises, [and] creation of physical or health hazards.... ”
The lease further provided that the landlord shall give written notice of termination and to vacate in a “reasonable time commensurate with the urgency of the situation” when the termination is due to the “threat of health or safety of other tenants.”
Notice to vacate was given to Ms. Simpson on March 6, 1991, to deliver up possession of the premises on March 11, 1991. Also, on March 11, 1991, Ms. Simpson was given another notice to vacate and to deliver possession of the apartment within 10 days or an action for unlawful detainer would be instituted to recover possession of the premises. Ms. Simpson failed to give up possession, and this eviction action was filed on March 22, 1991.
Section 35-9-6, Code 1975, provides that a 10-day notice be given and that no other notice or demand shall be necessary to bring an action to maintain an unlawful detainer action.
We hold that Ms. Simpson was given adequate notice and that the trial court had jurisdiction of this action.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.